# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 26, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED | |
| JOHN ROBERT PHILLIPS, * | | |
| * | | |
| Petitioner, * | No. 16-906V | |
| * | Special Master Oler | |
| v. * | | |
| * | Attorneys' Fees and Costs | |
| SECRETARY OF HEALTH * | | |
| AND HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * * | | |

*Michael A. Firestone*, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioner.
*Voris E. Johnson*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On July 29, 2016, John Robert Phillips ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2] alleging that he developed chronic idiopathic thrombocytopenic purpura as a result of an intranasal influenza vaccination and/or the intramuscular injection of human papillomavirus vaccine he received on November 20, 2013. Pet. at 1. On November 23, 2020, the undersigned issued her decision dismissing the petition. (ECF No. 75).

On February 22, 2021, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 78). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$98,767.94, representing $82,038.98 in attorneys' fees and $16,728.96 in attorneys' costs.[3] Fees App. at 1. Pursuant to General Order No. 9, Petitioner states that he has personally incurred costs of $454.38 related to this litigation. *Id.* Respondent responded to the motion on March 2, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2. (ECF No. 79). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, the undersigned does not doubt the good faith of the claim, and the matter had a reasonable basis to proceed for as long as it did. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a.  **Reasonable Hourly Rates**

---

[3] The undersigned notes the inconsistent nature of Petitioner's requested amounts. For example, the motion indicates total costs of $16,729.11 on two separate occasions. Fees App. at 1, 26. An affidavit from a firm paralegal indicates the total costs incurred are $17,529.11. Fees App. at 24-25. However, the itemized list provided in that affidavit yields a total of $16,728.96. The total amount requested is similarly inconsistent – on the first page of the fees motion, Petitioner requests $82,038.98 in fees and $16,729.11 in costs. Fees App. at 1. This should yield a total request of $98,768.09. Yet, the requested amount is $94,268.09. On the next page, the requested amount is listed as $99,768.09. Fees App. at 2. Upon review, the undersigned has determined that the proper amount of attorneys' costs requested is $16,728.96 and the proper overall total is $98,767.94. Counsel should exercise greater care in the future to ensure consistency throughout the fees motion in the amounts requested to avoid confusion and the ensuing waste of judicial resources.

Petitioner requests the following rates of compensation for his counsel: for Mr. Michael Firestone, $269.62 per hour for work performed in 2016, $279.60 per hour for work performed in 2017, $289.39 per hour for work performed in 2018, $300.10 per hour for work performed in 2019, and $311.20 per hour for work performed in 2020, and $394.00 per hour for work performed in 2021; for Mr. Marvin Firestone, $414.80 per hour for work performed in 2016, $430.15 per hour for work performed in 2017, and $461.59 per hour for work performed in 2019; for Mr. Tim O'Hara, $405.00 per hour for work performed in 2019 and $422.00 per hour for work performed in 2020; and for Mr. Bob Turbow, $405.00 per hour for work performed in 2019. All of Mr. Marvin Firestone's rates and Mr. Michael Firestone's rates through 2020 are consistent with what they have previously been awarded in the Vaccine Program and shall be awarded herein. The other rates require further discussion.

Mr. Michael Firestone has been licensed to practice law since 2012, giving him approximately 9 years of legal experience in 2021 and placing him within the range of attorneys with 8-10 years of experience on the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2021, which prescribes a rate of $325.00 - $410.00 per hour. While Mr. Firestone's requested rate of $394.00 per hour is within that range (albeit on the higher end), it represents an increase of over 25 percent from his 2020 rate, which is excessive for a one-year increase in the undersigned's experience. Increasing counsel's hourly rate every year is designed to accomplish two objectives: to offset the impact of inflation and to recognize counsel gaining greater experience, both in the Vaccine Program and the legal profession in general. The difference between 2020 and 20201 rates per the OSM Fee Schedules (utilizing PPI-OL as a measure of inflation) is approximately five percent, and it is extremely unlikely that *any* attorney would gain enough experience in a single year to merit a twenty percent or greater increase on their previous hourly rate. Upon review of all relevant factors, the undersigned finds that a rate of $365.00 per hour is reasonable for Mr. Firestone in 2021. Application of this rate results in a reduction of $17.40.

Mr. O'Hara has been licensed to practice law since 1992, giving him approximately 27 years of experience when he began work on this case in 2019 and placing him near the upper boundary of attorneys with 20-30 years of legal experience on the OSM Fee Schedules. This appears to be his first Vaccine Program case as reasonable rates have not previously been determined for him. Fees App. at 4. Upon review, the undersigned finds the requested rates to be reasonable – while Mr. O'Hara as a great deal of overall experience, he is relatively inexperienced in Vaccine Program issues, and therefore a rate in the middle of the range on the fee schedules is reasonable.

Mr. Turbow has been licensed to practice law since 2000, giving him approximately 19 years of legal experience when he began work on this case in 2019 and placing him at the top of the tier of attorneys with 11-19 years of experience on the OSM Fee Schedules. Like Mr. O'Hara, this appears to be Mr. Turbow's first Vaccine Program case. However, Mr. Turbow's requested rate of $405.00 per hour is excessive because it represents the maximum amount an attorney with 19 years of experience could receive. In the undersigned's experience, for an attorney to be compensated at such a rate, they would need to have a great deal of Vaccine Program-specific experience. Upon review, similar to Mr. O'Hara, a rate in the middle of the range would be

3

reasonable. Accordingly, a reasonable hourly rate for Mr. Turbow in 2019 is $365.00 per hour. Application of this rate results in a reduction of $280.00.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $81,741.58.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $16,728.96 in attorneys' costs. Fees App. at 25-26. This amount is comprised of postage, copy charges, and work performed by petitioner's medical experts, Dr. Yehuda Shoenfeld and Dr. S. Sohail Ahmed. The undersigned has reviewed the requested costs and finds them to be reasonable and supported with adequate documentation. However, this amount appears to be inclusive of $2,000.00 as a retainer paid to Dr. Shoenfeld on June 12, 2017. Fees App. at 25. The undersigned has already reimbursed a $2,000.00 retainer for Dr. Shoenfeld to Petitioner in her prior motion awarding interim attorneys' costs. 2019 WL 3409975, at *5 (Fed. Cl. Spec. Mstr. May 16, 2019). Accordingly, this cost cannot be awarded again and will be reduced from the final award of attorneys' costs.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants he has personally incurred costs of $454.38 related to this litigation for the Court's filing fee, postage, and travel expenses to meet with counsel. These costs are reasonable and shall be fully reimbursed.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

4

| | |
|---|---|
| Attorneys' Fees Requested | $82,038.98 |
| (Reduction to Fees) | - ($297.40) |
| **Total Attorneys' Fees Awarded** | **$81,741.58** |
| | |
| Attorneys' Costs Requested | $16,728.96 |
| (Reduction to Costs) | **-** ($2,000.00) |
| **Total Attorneys' Costs Awarded** | **$14,728.96** |
| | |
| **Total Amount Awarded** | **$96,470.54** |
| | |
| **Petitioner's Costs** | **$454.38** |
| | |
| **Total Amount Awarded** | **$96,924.92** |

Accordingly, the undersigned awards the following:

1) **a lump sum in the amount of $96,470.54, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Michael Firestone; and**

2) **a lump sum in the amount of $454.38, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u><br>
Katherine E. Oler<br>
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).